**Calvin Bernard EDEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. B14–84–358–CR, B14–84–359–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 18, 1985.

James Randall Smith, Houston, for appellant.

John B. Holmes, Dist. Atty., Calvin A. Hartmann, Roe Morris, Asst. Dist. Attys., Houston, for appellee.

Before PAUL PRESSLER, MURPHY and DRAUGHN, JJ.

PAUL PRESSLER, Justice.

This is a consolidated appeal from a conviction on two counts of murder. We affirm.

Complainant testified that her estranged husband, the appellant, stabbed her twice in the back after she entered his house at his invitation. Subsequently, she managed to run two blocks to a relative's fish market and notify the police and relatives.

The police did not enter the house until an outside door was kicked down by a son of the owner. Upon entering, the police found the appellant sitting on the couch with a stripped electrical cord around his wrist. The cord was plugged into the wall outlet. Police found the bodies of appellant's wife's aunt and his wife's three-year-old daughter by a previous marriage. An upset seven-year-old boy was locked in a room in the house.

The appellant, after being indicted for both murders, entered pleas of not guilty. The offenses were tried together. The trial court found the appellant guilty in both causes and assessed punishment at life imprisonment in each. The trial court made an affirmative finding that a deadly weapon was used in both causes.

Appellant raises two grounds of error in which he contends that the trial court erred in denying his motion for a directed verdict because the evidence presented was circumstantial and insufficient to exclude every "reasonable hypothesis" except that the appellant was guilty, and the court erred in finding the appellant guilty because the evidence was circumstantial and insufficient to exclude very "reasonable hypothesis" except that he was guilty. Both grounds of error shall be considered together.

■ The standard of review for sufficiency of the evidence grounds is the same whether the evidence is direct or circumstantial. *Jackson v. State,* 672 S.W.2d 801, 803 (Tex.Crim.App.1984) (en banc). This standard was developed by the United States Supreme Court in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) which held: "Whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."

In applying this standard, the "exclusion of outstanding reasonable hypotheses" test may be used. *Denby v. State,* 654 S.W.2d 457, 464 (Tex.Crim.App.1983). However, the State is not required to refute directly the purportedly "reasonable hypothesis" raised by the defense evidence. *Jackson v. State* at 804. Here, there was simply no real and uncontradicted support for appellant's hypothesis in the trial record.

■ The evidence includes complainant's testimony that appellant requested her to accompany him to the hospital because he had cut his hand. When he arrived to pick her up, he was driving the car of one of the murder victims. The record indicates the victim had used that car that morning to go to the appellant's house. The murdered victims were found at the same house. It was uncontested that the appellant stabbed the complainant twice. The appellant threatened to kill the children several times. The police found that the door to the house was blocked from the inside by furniture. They found a butcher knife on the floor approximately 12 inches from the appellant's feet. The appellant was seated on a couch with wires around his wrist, plugged into a wall outlet. The only people in the house were the two victims, the appellant and the two children of the decedent. The seven-year-old son of one of the victims testified he heard the three-year-old scream for help. She was later found stabbed to death. The boy testified that the appellant ordered him to plug an electrical cord, the stripped end of which was around the appellant's wrist, into the wall outlet and that he would be killed if he unplugged it. The child testified that no other man came into the house. The Harris County Assistant Medical Examiner testified that the three-year-old girl died as a result of a stab wound. The woman died as a result of at least fifty knife wounds. The same doctor also testified that any of the knives found in the house which were admitted into evidence could have caused the wounds.

Appellant's "reasonable hypothesis" is based primarily on the testimony of the seven-year-old boy. Appellant contends the child allegedly alluded in his testimony to an unidentified "he" who would have been present at the scene of the crime. It is clear from his testimony that the child was referring to the appellant. The child answered affirmatively when asked if "the same Calvin (appellant) that we have been talking about, is that the person you identified here?"

The evidence, when viewed in the light most favorable to the prosecution, was sufficient such that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Appellant's grounds of error are overruled.

The judgment of the trial court is affirmed.